IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RAMON ARMAS BORROTO, JR.,**

    **Plaintiff,**

vs.                                      Case No. 5:04cv165-RH/WCS

**OFFICER McDONALD, et al.,**

    **Defendants.**

                                      /

## O R D E R

    This case has been remanded by District Judge Robert Hinkle after adopting the report and recommendation, doc. 38, which recommended denying Defendants' motion to dismiss.  Doc. 42.  Defendants' motion to dismiss had asserted that Plaintiff had not exhausted administrative remedies.  Doc. 24.  That argument has been rejected, docs. 38 and 42, and Defendants shall now file a special report as previously explained.  *See* doc. 23.  The special report shall contain all information as explained in the service orders and must comply with Local Rule 56.1.  Docs. 10, 23.

    Additionally, service has been carried out on only three of the five named Defendants.  Service remains unexecuted on Defendants Nurse Kent and Officer M. Speight.  Docs. 26-27.  As for Defendant Speight, it appears that this Defendant was

killed "in an automobile accident December 26, 2004." Doc. 26. A suggestion of death was filed for the record on February 18, 2005. Doc. 31. Pursuant to FED. R. CIV. P. 25(a), if a claim is not extinguished against a party who dies during the pendency of a case, a motion for substitution may be filed. However, such a motion must be filed "not later than 90 days after the death is suggested upon the record . . . ." FED. R. CIV. P. 25(a)(1). In this instance, more than 90 days has now passed since the suggestion of death was filed. However, it is possible that Plaintiff might have sought substitution earlier but for a March 1, 2005, order which stated that no action would be taken further concerning the suggestion of death until resolution of the motion to dismiss for failure to exhaust administrative remedies. Doc. 32. That order likely caused all parties to complacently await court action before addressing the issue which, had it been determined that Plaintiff had not exhausted, would have been moot. Thus, it is not clear that any motion for substitution should be automatically denied due to timeliness.

"In determining whether a claim brought under 42 U.S.C. § 1983 survives the death of a defendant, the court must consider the law of the state in which the action arose." Graham v. Henderson, 224 F.R.D. 59, 62 (N.D.N.Y. 2004). Florida law provides that a cause of action does not die with the person. FLA. STAT. § 46.021. "All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." FLA. STAT. § 46.021. Thus, a § 1983 claim survives the death of a defendant in Florida.

Here Plaintiff alleged that Defendant Speight observed another correctional officer assault him but took no action to intervene in violation of the Eighth Amendment.

Case No. 5:04cv165-RH/WCS

This § 1983 claim does not abate with the death of Defendant Speight. However, if Plaintiff intends to proceed on this claim against the "successors or representatives of the deceased party" then Plaintiff must determine the proper party or parties for substitution. A proper party "is the successor of the deceased or the representative of his estate." Graham v. Henderson, 224 F.R.D. at 64. As Plaintiff is currently incarcerated, it is not likely that Plaintiff will be able to determine this information. Nevertheless, it is not the Court's obligation to seek out such information for a party. Alternatively, Plaintiff may voluntarily dismiss his claim against this Defendant and the case may move forward more expeditiously. Plaintiff shall respond to this order on or before **August 23, 2005**, and clarify whether or not he intends to drop Defendant Speight from this case.

One other Defendant, "Jane Doe" Kent, a registered nurse, remains unserved as well. Doc. 27. The only information provided on the return of service was that the "Jane Doe" Nurse Kent used to work at the correctional facility[1] where service was attempted, but no longer works there. *Id.* No other information was provided and the current whereabouts of this unserved Defendants are unknown. It is Plaintiff's obligation to determine the whereabouts and correct identity of this Defendant if Plaintiff desires to continue with his claim against Nurse Kent. Plaintiff may file a motion for discovery to seek out relevant information to aid him in serving this Defendant, or Plaintiff may choose to dismiss his claim against this Defendant and proceed accordingly against the

---

[1] Service was attempted at Washington Correctional Institution. Doc. 23.

remaining Defendants.  The choice is Plaintiff's to make, and Plaintiff shall file a response to this Order no later than **August 23, 2005**, clarifying his intentions.

Accordingly, it is

**ORDERED:**

1.  Defendants shall have until **August 23, 2005**, in which to file the special report as previously explained.  *See* doc. 23.

2.  Plaintiff shall have until **August 23, 2005**, to respond to this Order as explained above.

3.  The Clerk of Court shall return this file to the undersigned upon receipt of Defendants' special report, upon Plaintiff's response to this Order, or no later than August 23, 2005.

**DONE AND ORDERED** on July 15, 2005.


                     s/     William C. Sherrill, Jr.
                     **WILLIAM C. SHERRILL, JR.**
                     **UNITED STATES MAGISTRATE JUDGE**