IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**RAMON ARMAS BORROTO, JR.,**

      **Plaintiff,**

**vs.**                                                    **Case No. 5:04cv165-RH/WCS**

**OFFICER McDONALD, et al.,**

      **Defendants.**

_____/


**O R D E R**

This case is before the Court on two motions filed by Plaintiff, an inmate proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Previously, the undersigned's report and recommendation, doc. 38, was adopted and Defendants' motion to dismiss was denied. Doc. 42. Defendants' special report is due by August 23, 2005. Doc. 43.

Following the suggestion of death filed for Defendant Speight, doc. 31, Plaintiff has filed a motion to voluntarily dismiss his claims against Defendant Mervin Speight. Doc. 45. Plaintiff's Rule 41(a) motion will be granted[1] and this case will proceed against the remaining Defendants: McDonald, Pate, McKenzie, and Kent.

---

[1] Dismissal on Plaintiff's motion is appropriate as the adverse party has not filed an answer or motion for summary judgment. FED. R. CIV. P. 4(a)(1).

Plaintiff has also filed a motion for discovery, doc. 44, "seeking identification of Nurse Donna Kent who was employed by the F.D.O.C. as a Registered Nurse.  Plaintiff requests "the date of birth, social security no., and last known address of Nurse Donna Kent, so that she may be properly served."  Doc. 44.  The information sought for this unserved Defendant is too broad; social security numbers are protected by the Privacy Act.  Moreover, Plaintiff had not previously identified this Defendant fully, referring to her as  "Jane Doe" Kent, a registered nurse.  Doc. 19.  However, in reviewing Plaintiff's current motion, doc. 44, along with the unexecuted return of service, doc. 27, it now appears that this "Jane Doe" Nurse Kent Defendant is Nurse Donna Kent.  The Court has found her address, and that address will be provided in confidence to the United States Marshal for an attempt at serving this Defendant.  Should this effort prove unsuccessful, Plaintiff may resubmit his motion.  At the present time, however, the motion does not appear necessary and is denied without prejudice.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion to voluntarily dismiss Defendant Speights from this lawsuit pursuant to FED. R. CIV. P. 41(a), doc. 45, is **GRANTED**.

2.  Plaintiff's motion for discovery, doc. 44, is **DENIED without prejudice**.

3.  The Clerk shall reissue summons for **Defendant Nurse Donna Kent**, indicating she has 60 days in which to file a responsive pleading (which in this case will

be a written report as detailed *infra*), and refer the summons to the United States Marshal along with a service copy of the amended complaint, doc. 19.

4.  The Clerk of Court shall forward to the United States Marshal a copy of this Order, along with the prepared summons for **Defendant Nurse Donna Kent**, and the service copy of Plaintiff's amended complaint.

5.  The Marshal shall complete one Form 1A (revised) for service on Defendant **Donna Kent** at the address provided in confidence from the Clerk of Court.

6.  Pursuant to FED. R. CIV. P. 4(d), the United States Marshal shall then send the copy of the amended complaint, the completed Form 1A (revised), sufficient copies of Form 1B (revised), and a prepaid means of compliance to Defendant **Donna Kent** through first class mail.  The Marshal shall mail the forms to Defendant **Donna Kent** as soon as possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket as contemplated by FED. R. CIV. P. 4(m).

7.  If, after 30 days from the mailing of the waiver of service form and the amended complaint, Defendant **Donna Kent** has not returned the waiver of service forms (Form 1B (revised)), the Marshal shall obtain summons from the Clerk and personally serve Defendant **Donna Kent** pursuant to FED. R. CIV. P. 4(e).  Upon completion of service, the Marshal shall file with the Clerk the return and a written statement of all costs incurred in making such personal service.

8.  The Clerk shall refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on Defendant Kent is returned

unexecuted, or if the Marshal has filed a statement of costs incurred for making

personal service on Defendant Kent.

9.  Defendant Kent shall review the amended complaint to:

    a.    Ascertain the facts and circumstances surrounding the complaint;

    b.    Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

    c.    Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

10.  Within 60 days of receipt of the summons, Defendant Kent shall respond to

the amended complaint by filing a special report with the Court, and a copy thereof to

Plaintiff, containing the following:

    a.    Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the Plaintiff.)

    b.    Copies of any written reports prepared as a result of investigation of the inmate's allegations.

    c.    All defenses, including immunity defenses.  If not listed, such defenses may be considered waived.

    d.    Where relevant, copies of medical or psychological or disciplinary records.

    e.    Where applicable, copies of relevant administrative rules, regulations, or guidelines.

Defendant is advised that, at some time in the future upon notice of the Court, the

special report may be deemed a motion for summary judgment.  **Therefore, in addition**

**to the above, the special report shall be in compliance with Local Rule 56.1, and**

**shall include all Fed. R. Civ. P. 56 materials Defendant Kent wishes the Court to**

**consider.[2]**

11.  No answer, motion for summary judgment, or request for discovery shall be

served or filed by any party without permission of the Court.  If any such pleading or

motion is sent to the Court, the Clerk shall not file or otherwise treat the pleading as a

motion unless or until the Court so orders.

12.  Plaintiff shall not file a reply to the special report until ordered to do so by the

Court.

13.  Once a special report is filed, no further amendments to the complaint shall

be permitted by the Court unless, as required by Rule 15 of the Federal Rules, Plaintiff

files a separate motion for leave to so amend and provides a copy of the proposed

amended complaint.  N.D. Fla. Loc. R. 15.1.

14.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff

a form for consenting to trial by the magistrate judge, with the case number written on it.

If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for

each Defendant.  If Defendants wish to consent, the form should be signed and

returned to the Clerk.

15.  Plaintiff is reminded that he is required to mail to the attorney for each

Defendant a copy of every pleading or other paper, including letters, submitted for

---

[2] The special report must contain a short and concise statement of the material
facts and shall not merely re-assert Plaintiff's allegations.

Case No. 5:04cv165-RH/WCS

consideration by the Court and that he must demonstrate his compliance by including a certificate of service on every document submitted to the Court.

16.  Defendants McDonald, Pate, and McKenzie are reminded that they have until **August 23, 2005**, in which to file the special report as previously explained.  *See* docs. 23, 43.

17.  The Clerk of Court shall return this file to the undersigned no later than November 10, 2005.

**DONE AND ORDERED** on August 15, 2005.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**