# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

RAMON ARMAS BORROTO, JR.,

       Plaintiff,

v.                                  CASE NO.  5:04cv165-RH/WCS

OFFICER McDONALD, et al.,

       Defendants.

_____/


## ORDER DENYING MOTION FOR RECONSIDERATION


By order entered July 8, 2005 (document 42), I denied defendants' motion to dismiss this prisoner civil rights action for failure to exhaust administrative remedies.  On August 19, 2005, defendants moved for reconsideration of the order denying the motion to dismiss.  Alternatively, defendants requested certification of the order for interlocutory appeal under 28 U.S.C. §1292(b).  I deny the motion for reconsideration and decline as a matter of discretion to certify the matter for interlocutory appeal.

At the outset, the standard applicable to a motion to dismiss should be noted. In this circuit, a motion to dismiss for failure to state a claim should be granted

only if it appears to a certainty that the plaintiff would be unable to recover under any set of facts that could be proved in support of the complaint. *See, e.g., Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

Plaintiff alleges that on November 28, 2002, he was physically abused by correctional officers at Washington Correctional Institution. Plaintiff alleges that he promptly reported the abuse by placing a grievance in the prison mails addressed directly to the Secretary of the Department of Corrections. The Department denies that plaintiff filed any such grievance. It is undisputed, however, that plaintiff's allegations of abuse promptly made their way to the Secretary's office and that the matter was in turn referred to the Inspector General by December 2, 2002. It is undisputed that the Inspector General conducted an investigation and that plaintiff was transferred to another institution on December 19, 2002. Although the Department says the transfer was unrelated to the Inspector General's investigation, the documentary evidence indicates otherwise. *See* Report and Recommendation at 5-6 n.1. The Inspector General ultimately concluded plaintiff's complaints of physical abuse were unfounded.

In sum, plaintiff initiated an administrative review, which was promptly conducted, resulting in plaintiff being removed from the facility where he said he had been abused, and resulting in a conclusion on the merits that the allegations

were unfounded.  The Department did not assert, during the administrative process, that plaintiff had failed to file his complaint in proper form.

Defendants now say in this court, however, that plaintiff did not exhaust his administrative remedies because he did not make the report in the proper manner. Defendants say that an inmate must first make an informal grievance at the institutional level, followed by a formal grievance at the institutional level, followed by an appeal to the Secretary.  The formal grievance and appeal, defendants say, must use the proper Department of Corrections mandated form. Defendants say that strict compliance with these procedures is mandatory.  In support of their position, defendants cite *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005), in which the court said that the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. §1997e(a), "entirely eliminates judicial discretion and instead mandates strict exhaustion."

In *Johnson*, however, the prisoner did not file an administrative grievance at all.  Instead, he went straight to court.  When his action was dismissed, he went back and filed a grievance, but the filing was by then more than a year past the deadline duly established by Georgia prison regulations.  Prison officials refused to consider the grievance at all.  When the prisoner went back to court, the Eleventh Circuit held he was foreclosed by his failure to go through the administrative process.

The result in *Johnson* was plainly correct.  Any other result would leave prisoners free to bypass the administrative process altogether, contrary to the system Congress established.  As the Eleventh Circuit noted, this was not a matter of judicial discretion; exhaustion was mandatory.

The case at bar, however, is different.  Indeed, the case at bar is at the opposite end of the exhaustion spectrum.  In *Johnson*, there were no administrative proceedings at all.  In the case at bar, in contrast, there has been a full Inspector General investigation.  A full investigation by the Inspector General is the most comprehensive level of review available in the Department of Corrections.

In *Johnson*, the court quoted the purposes of the PLRA's exhaustion requirement as articulated in an earlier Eleventh Circuit case.  Those purposes are:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Johnson*, 418 F.3d at 1156, quoting *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir.1998) (internal quotations omitted by court in *Johnson*).

Similarly, the Department of Corrections has identified the purposes of its grievance process:

> The purpose of the grievance procedure is to provide an inmate with a channel for the administrative settlement of a grievance. In addition to providing the inmate with the opportunity of having a grievance heard and considered, this procedure will assist the department by providing additional means for internal resolution of problems and improving lines of communication. This procedure will also provide a written record in the event of subsequent judicial or administrative review.

Fla. Admin. Code Ann. r. 33-103.001(1).

In the case at bar, unlike in *Johnson*, all of these purposes have been fully satisfied through the administrative complaint that plaintiff initiated and the investigation that the Inspector General conducted.  Plaintiff was able to have his grievance heard and considered; the department was able to deal with the grievance as it deemed appropriate; and there is a comprehensive written record that is available for use in judicial proceedings (and is indeed now part of this court's record).  There is nothing more that any further administrative proceedings could have provided.

Defendants' position is, in substance, that failure to comply strictly with a state's administrative procedures is fatal to a prisoner's claim, whether or not the noncompliance affected any significant interests.  *Johnson* provides no support for so strict a position.

It is true, of course, that prison authorities must be able to impose procedural requirements designed to assist in the processing of a large volume of grievances. As *Johnson* recognized, a state can impose reasonable time limits. I assume that a state can require the use of specified forms. A state can establish different levels of review and require a prisoner to exhaust them all.

The case at bar is not a case, however, in which prison authorities rejected a grievance on procedural grounds. To the contrary, the Department of Corrections investigated this claim on the merits without suggesting plaintiff had failed to follow the proper procedures in any respect. When prison authorities fully investigate a complaint and render a decision on the merits without ever suggesting to a prisoner that his complaint was procedurally deficient, they should not be heard to assert in court later that the prisoner somehow failed to exhaust his administrative remedies.[1]

In any event, even if it could be said that a prisoner need not only bring about a full administrative investigation but must also comply to the letter with all of a state's procedural requirements, that still would not entitle defendants to

---

[1] *See Gulley v. Aman*, 2005 WL 1684394, at *3 (N.D. Fla. June 22, 2005) (ruling that highest administrative decision maker's rejection of grievance on the merits precluded assertion in court that grievance was untimely and that administrative remedies therefore had not been exhausted) (alternative holding); *Griswold v. Morgan*, 317 F. Supp. 2d 226, 230 (W.D.N.Y. 2004) (holding that the untimeliness of the plaintiff's grievance did not constitute a failure to exhaust because the final administrative decision maker reached the merits).

dismissal here.  The Department's regulations recognize the appropriateness of filing a grievance directly with the Secretary.  *See* Fla. Admin. Code Ann. r. 33-103.007(6)(a) (allowing the filing of  an emergency grievance or a grievance of a sensitive nature directly with the Secretary).  If, as plaintiff alleges, he placed a grievance in the mail addressed directly to the Secretary setting forth sufficient grounds for an emergency or sensitive nature grievance—and physical abuse at the hands of correctional officers would appear to qualify—then plaintiff exhausted his remedies, no matter how strict the requirement might be.[2]

Plaintiff's complaint therefore will not be dismissed for failure to exhaust administrative remedies.  Nor, as a matter of discretion, will I certify the issue for interlocutory appeal under §1292(b).

For these reasons,

IT IS ORDERED:

Defendants' motion for reconsideration or certification for immediate appeal

---

[2] Defendants note the need for a *written* grievance, not just an oral one, to provide an accurate record.  But it is undisputed that plaintiff submitted a written affidavit on November 29, 2002, the day after the events at issue.  Thus even if plaintiff's written grievance cannot be found—or if, as defendants assert, he did not really submit such a separate grievance at all—there still will be an accurate record of his complaint.

(document 48) is DENIED.  This matter is remanded to the magistrate judge for

further proceedings.

SO ORDERED this 12th day of October, 2005.

s/Robert L. Hinkle
Chief United States District Judge