**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**RAMON ARMAS BORROTO, JR.,**

     **Plaintiff,**

**vs.**                          **Case No. 5:04cv165-RH/WCS**

**L. McDONALD, H. A. PATE,
C. McKENZIE, and DONNA KENT,**[1]

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

     This is a suit pursuant to 42 U.S.C. § 1983. Doc. 19 (amended complaint).

Defendants have filed a special report, construed as a motion for summary judgment.

Docs. 61, 62 (exhibits), and 68 (supplement). Plaintiff has filed responses. Docs. 67

and 69. The motion for summary judgment is ready for ruling.

**Allegations of the amended complaint, doc. 19**

     The claims in this case arose at Washington Correctional Institution in Chipley,

Florida. Plaintiff alleges that on November 28, 2002, at approximately 8:30 a.m.,

_____

[1] The amended complaint has been voluntarily dismissed as to Defendant M.
Speight, who is deceased. Docs. 31, 45, 47.

Officers McDonald and Pate came to his cell, handcuffed him, and escorted him to the nurses' station.  Doc. 19, p. 7.  He alleges that Nurse Kent, deceased Officer Speight, and Sergeant McKenzie were inside the room when he arrived.  *Id.*  Plaintiff alleges that Officer McDonald commenced "to punch Plaintiff repeatedly in his abdominal area, pushed Plaintiff's head down and repeatedly punched Plaintiff with his right hand in the back of his head, hit Plaintiff on his left ear, placed Plaintiff's head between his legs and grabbed Plaintiff around his waist and picked the Plaintiff up off the ground and dropped Plaintiff on his head."  *Id.*  Plaintiff alleges that Nurse Kent then said "stop, stop," and Sergeant McKenzie said "OK, that's enough."  *Id.*  Plaintiff further alleges that Officer Pate stood "in front of the window the entire time so that no one [could] witness the incident."  *Id.*  Plaintiff alleges that he "sustained bruises on [his] left ear, back of [his] head and swelling to the abdominal area of his body . . . ."  *Id.*

Plaintiff alleges that at 6:30 p.m. that evening, he declared a medical emergency, but Sergeant English (not a defendant) denied access to medical care.  *Id.*, p. 8. Plaintiff alleges he declared another medical emergency at 11:00 p.m. that night, was examined by Nurse Conger, and his injuries were "documented."  *Id.*  Plaintiff alleges that on December 2, 2002, he was threatened by Defendant McKenzie and Lieutenant Copeland to "keep quiet about the incident."  *Id.*  He asserts that he then cut his wrist to obtain a move out of that dormitory.  *Id.*

The only claim pending is that Officer McDonald used excessive force as alleged, and that the other Defendants participated by not stopping Officer McDonald and by allegedly falsifying records.  There is no claim against any Defendant for retaliation or for denial of medical care.  Plaintiff seeks compensatory and punitive damages.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). If they do so, the burden shifts to the Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id*. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). However, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988); Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999) ("We are required to resolve all reasonable inferences and facts in a light most favorable to the nonmoving party.").

**Rule 56(e) evidence**

The material facts are simple but disputed.  Defendants assert that at 9:00 a.m. on November 28, 2002, Thanksgiving, Plaintiff was briefly taken out of his cell to be examined by Nurse Kent for a "lingering sinus problem."  Doc. 61, p. 2.  The records show that Plaintiff was "back in cell" at 9:08 a.m.  *Id.*, n. 4.  Defendants state that Plaintiff did not complain about this alleged assault until about midnight that day.  *Id.*, p. 3.  Defendants McDonald, McKenzie, Pate, and Kent deny that the beating alleged by Plaintiff happened.  *Id.*, p. 8.  Nurse Kent noted that she examined Plaintiff on that morning for a sinus problem, but does not note any assault.[2]  Doc. 62, Ex. B.

Plaintiff insists, upon penalty of perjury, that he was assaulted as alleged in his complaint.  Doc. 67, pp. 1-2.  He now states that he was masturbating while talking with Nurse Kent, and claims that he was beaten as punishment for this misbehavior.  *Id.*, pp. 2, 5.  He asserts that he was hit six or seven times in the abdomen, three or four times in the back of his head, and once on his left ear.  *Id.*, p. 1.  Plaintiff further states under penalty of perjury that the punch to the ear left a bruise on his ear and scalp, and he states that punches to the abdomen do not leave bruises.  *Id.*, p. 2.  Defendants state that when he complained at midnight, Plaintiff said his ear was black and blue and he was in "much pain."  Doc. 61, p. 4; doc. 62, Ex. A-1 (Plaintiff's affidavit) to Ex. W (report of investigation); doc. 62-2, p. 59.[3]  Nurse J. Conger examined Plaintiff the evening of the alleged assault.  She did not find edema or marks on the rear of his head or on his abdomen, but she found bruising and minimal edema of the lower left ear lobe and a

---

[2] Defendants have produced significant other evidence to indicate that Plaintiff's claims are untruthful, but a review of that evidence is not needed here.

[3] The second reference is to the numbering and pagination on the electronic docket.

red line approximately one centimeter long, which she described as a small area of

bruising behind the left ear on the scalp near the hairline.  Doc. 62, Ex. F; doc. 62-2, pp.

10-11.

**Legal analysis**

The issues on summary judgment will be addressed in the order presented by

Defendants.

### Whether an Eighth Amendment violation occurred

Defendants deny that an assault occurred.  There is a genuine dispute of

material fact as to this issue.  Thus, this is not an appropriate basis for summary

judgment.

Defendants also contend that even assuming Plaintiff's evidence to be true, he

has not shown an Eighth Amendment violation because he has not shown more than a

*de minimis* injury.  This argument, confusing the necessity for the degree of force used

with the degree of injury suffered, should be rejected.

A claim that excessive and unnecessary force was used by correctional officers

is founded upon the Eighth Amendment and requires a showing of "unnecessary and

wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084,

89 L.Ed.2d 251 (1986).  Relevant to the inquiry will be "the need for the application of

force, the relationship between the need and the amount of force that was used, [and]

the extent of injury inflicted."  *Id.* at 320; *see e.g.*, Williams v. Burton, 943 F.2d 1572,

1575 (11th Cir. 1991).  The court should take a deferential view, "balancing the

prisoner's Eighth Amendment rights with the competing institutional concerns for the

safety of prison staff and inmates."  Williams, 943 F.2d at 1575.

"The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992).[4]  "[T]he Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, *provided that the use of force is not of a sort 'repugnant to the conscience of mankind*.' " Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (emphasis added), *quoting*

_____

[4] With respect to the "injury" issue in excessive force cases, it is important to review what the Court said in Hudson in context, and not confuse the extent of *injury* incurred with more relevant question, whether the *force* used was excessive:

> In the excessive force context, *society's expectations are different* [from society's expectations as to the level of conditions-of-confinement and medical care for prisoners]. *When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See Whitley*,[] supra, 475 U.S., at 327, 106 S.Ct., at 1088. *This is true whether or not significant injury is evident.* Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. *See Estelle*, supra, 429 U.S., at 102, 97 S.Ct., at 290 (proscribing torture and barbarous punishment was "the primary concern of the drafters" of the Eighth Amendment); *Wilkerson v. Utah*, 99 U.S. 130, 136, 25 L.Ed. 345 (1879) ("[I]t is safe to affirm that punishments of torture ... and all others in the same line of unnecessary cruelty, are forbidden by [the Eighth Amendment]").

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " *Whitley*, 475 U.S., at 327, 106 S.Ct., at 1088 (quoting *Estelle*, supra, 429 U.S., at 106, 97 S.Ct., at 292) (internal quotation marks omitted).

503 U.S. at 9-10, 112 S.Ct. at 1000 (emphasis added).

Hudson, 503 U.S. at 10, 112 S. Ct. at 1000 (considering the "physical injury" requirement of the PLRA).  Further, "the injury must be more than *de minimus*, but need not be significant."  Siglar, 112 F.3d at 193.  "[T]he type of punishment, rather than some arbitrary quantity of injury, may be relevant for Eighth Amendment Claims." Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996), *cert. denied* 520 U.S. 1257 (1997).  *See also* United States v. LaVallee, 439 F.3d 670, 687-688 (10th Cir. 2006) (rejecting the notion that "*de minimis* injury can serve as conclusive evidence that *de minimis* force was used").

In Harris v. Chapman, 97 F.3d at 505, Harris, a Rastafarian, was ordered to submit to a haircut.  Harris resisted and the "officers as a group . . . kicked and beat him," restrained his neck with a towel, snapped his head back with the towel, and twice hit him with an open fist.  *Id.*, at 502.  There was evidence that Harris had a history of lower back pain, and he testified that he suffered pain from the use of force.  *Id.*, at 504. The Eleventh Circuit found that while it was "a very close case," this was more than a *de minimis* injury and was sufficient to sustain an Eighth Amendment excessive force claim.  *Id.*, at 506.

In Siglar v. Hightower, a Fifth Circuit case, officers found a biscuit in the plaintiff's pocket.  112 F.3d at 192.  A backup officer then "verbally" abused the plaintiff, twisted his arm behind his back, and twisted his ear.  *Id.*  The prisoner's ear was bruised and sore for three days, but the plaintiff did not seek or receive medical treatment.  *Id.*  The court held that this did not violate the Eighth Amendment because the injury was only *de minimis.*

In contrast, in <u>Gomez v. Chandler</u>, 163 F.3d 921 (5th Cir. 1999),[5] the prisoner had handcuffs behind his back and asserted that he offered no resistance.  163 F.3d at 925, n. 5.  There was evidence that he was

> knocked down so his head struck the concrete floor, his face was then scraped against the floor, he was repeatedly punched in the face by two officers using their fists for about five minutes and then a third officer kicked Gomez in the face and head . . . .

*Id.*, at 924-925.  He suffered cuts, scrapes, and contusions of the face, head, and body. *Id.*, at 925.  The court held these injuries to be more than *de minimis*.

The case at bar lies between <u>Siglar</u> and <u>Gomez</u>, assuming, as the court must when there is a genuine dispute of material fact, that Plaintiff has been truthful.  There is a difference from twisting an arm and an ear, and beating a helpless, handcuffed prisoner.  It bears repeating that "*[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.*"  <u>Hudson</u>, 503 U.S. at 9, 112 S.Ct. at 1000 (emphasis added).  Plaintiff avers that he was subject to a beating for no legitimate reason at all.  He was not taken out of his cell for a haircut and he was not, by his version of events, resisting at all.  It is the type of punishment inflicted, not the existence of serious injury, that is the focus of an Eighth Amendment claim.  Again, assuming that Plaintiff tells the truth, beating a handcuffed prisoner and slamming his head on the floor causing pain, with no legitimate purpose other than to cause pain, violates the Eighth Amendment even though the injuries, a few bruises, are not significant.  Were this not so, a correctional officer could beat a handcuffed prisoner

---

[5] In <u>Gomez v. Chandler</u>, the court acknowledged that it was possible that "if the force used is of the kind 'repugnant to the conscience of mankind,' " there might be a violation of the Eighth Amendment even though the injury was only *de minimis*.  163 F.3d at 924, n. 4.

at will, avoiding Eighth Amendment liability so long as no marks were left.  In summary, Plaintiff has presented sufficient evidence to show a violation of the Eighth Amendment.

**Monetary damages**

Defendants contend that Plaintiff's request for monetary damages should be dismissed.  This contention depends upon the argument that Plaintiff cannot bring a claim for mental or emotional injury because he has not shown physical injury as required by 42 U.S.C. § 1997e(e).

If Plaintiff were not a prisoner, he could recover damages for pain, suffering, without evidence of economic damages, and could recover nominal damages without evidence of compensatory damages.  Slicker v. Jackson, 215 F.3d 1225, 1232 (11th Cir. 2000).[6]  Section 1997e(e), however, provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

"Fusing the physical analysis under section 1997(e)e with the framework set out by the Supreme Court in *Hudson* for analyzing claims under the Eighth Amendment for cruel and unusual punishment," the Eleventh Circuit held that "to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), *op. reinstated in part on rehearing*, 216 F.3d 970 (2000), *cert. denied*, 532 U.S. 1065 (2001).  The court reasoned that "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society."  *Id.*, *quoting* Hudson, 503 U.S. at 9, 112 S.Ct. at 1000.

_____

[6] Section 1997e(e) was not an issue in Slicker v. Jackson, however, because the plaintiff was not a prisoner when the excessive force occurred.  The force was used upon his arrest and his claim arose under the Fourth Amendment.

The Harris v. Garner test has been described by the Third Circuit as requiring "less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury."  Mitchell v. Horn, 318 F.3d 523, 535 (3rd Cir. 2003).

The court in Harris v. Garner cautioned, however, that its holding "does not affect our Eighth Amendment jurisprudence, but only uses the well established Eighth Amendment standards to guide us in our section 1997e(e) analysis."  190 F.3d at 1286-1287.  The court said that "we have never held that a prisoner must allege a *physical* injury in order to make out a cognizable claim under the Eighth Amendment."  *Id.*, at 1287.

Applying this definition, the Eleventh Circuit held that requiring a prisoner to "dry shave" did not allege sufficient physical injury to satisfy § 1997e(e), even though it may have caused bleeding, inflammation, irritation, infection, and pain.  190 F.3d at 1286.  Likewise, the injuries in Siglar were found to be not "physical injury" as intended by § 1997e(e).[7]  112 F.3d at 193-194.

Consequently, Plaintiff's injuries, bruising and minimal edema of the lower left ear lobe and a red line approximately one centimeter long behind the left ear on the scalp near the hairline, do not meet the definition of "physical injury" for purposes of § 1997e(e) as construed in Harris v. Garner.  Therefore, Plaintiff is precluded from

---

[7] On the other hand, sexual assault has been held to meet the *de minimis* injury requirement "as a matter of common sense."  Liner v. Goord, 196 F.3d 132, 135 (2nd Cir. 1999).  *Compare*, Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001) (unpublished) (fondling of prisoner's penis and anus was held to be only a *de minimis* physical injury, distinguishing this "unwanted touching" from a violent sexual assault).

receiving damages for "mental or emotional injury."  Plaintiff has no physical damages that are cognizable, and thus emotional and psychological damages are precluded.[8]

The issue remains, however, whether any other monetary damages may be awarded.  In *dicta*, the Eleventh Circuit questioned whether there is any right to nominal damages in an Eighth Amendment excessive force case where there is no actual injury. Oliver v. Falla, 258 F.3d 1277, 1282 (11th Cir. 2001), *cert. denied*, 535 U.S. 906 (2002).[9]  The court there had the advantage of a jury verdict.  The issue arose after a jury had found that excessive force as forbidden by the Eighth Amendment had been used but declined to award any compensatory or punitive damages.  *Id.*, at 1278-1279. In any event, the court said it would not decide the question because it found that the plaintiff had waived the claim by failing to seek a jury instruction as to nominal damages. *Id.*, at 1279.

---

[8] While Harris v. Garner affirmed a district court ruling that "compensatory damages" cannot be sought where there is no "physical injury," there does not seem to have been any discussion in that case of any compensatory damages other than those mentioned in § 1997e(e), that is, "for mental or emotional injury suffered while in custody."  Of course, a prisoner is unlikely to have much in the way of other compensatory damages in the usual suit in federal court, but to say that he *always* would have none would be false.  He might have little in the way of economic damages (lost pay, medical bills), but he could have some minor economic damage, such as loss of personal property or having to pay the medical co-payment for medical care for examination of his injuries.  This case is not an occasion to resolve this issue, however, as the only "compensatory" damages sought by Plaintiff are for "physical, mental, emotional and psychological harm."  Doc. 19, p. 8-b; doc. 19, p. 11.

[9] These comments seem to run counter to the court's observation in Harris v. Garner, also *dicta*, where the court said that "we have never held that a prisoner must allege a *physical* injury in order to make out a cognizable claim under the Eighth Amendment."  190 F.3d at 1287 (emphasis added).  *Compare also*, Slicker v. Jackson, 215 F.3d at 1231-1232 (nominal damages available in a *Fourth* Amendment excessive force case without evidence of compensable injury).

Other circuits after <u>Hudson</u>, however, have squarely held that nominal damages

may be awarded for an Eighth Amendment claim even though the injury is nominal.

*See*, <u>Foulk v. Charrier</u>, 262 F.3d 687 (8th Cir. 2001), where the court reasoned:

> An injury warranting nominal damages is not necessarily the result of a *de minimis* use of force.  Stated differently, it is possible for a use of force to be excessive and in violation of the Eighth Amendment, and yet result in injury having no or only nominal monetary value.  As we explained in *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir.1994) (internal citation omitted):
>
>> Although *de minimis* uses of physical force are not proscribed by the Eighth Amendment unless they are "repugnant to the conscience of mankind," whether the Eighth Amendment was violated turns on "whether force was applied . . . maliciously and sadistically to cause harm," not whether a serious injury resulted from that force.  Simply put, force that is excessive within the meaning of the Eighth Amendment is compensable if it causes the prisoner actual injury, even if the injury is not of great significance.

262 F.3d at 701.  *See also*, <u>Gibeau v. Nellis</u>, 18 F.3d 107, 110-111 (2nd Cir. 1994).

There is also authority from other circuits that Plaintiff may recover nominal

damages even without "physical injury" as defined by § 1997e(e).  <u>Allah v. Al-Hafeez</u>,

226 F.3d 247, 251-252 (3d Cir. 2000) (First Amendment claim); <u>Searles v. Van Bebber</u>,

251 F.3d 869, 879-881 (10th Cir. 2001) (First Amendment claim), *cert. denied*, 536 U.S.

904 (2002); <u>Oliver v. Keller</u>, 289 F.3d 623, 629 (9th Cir. 2002) (pre-trial detainee due

process conditions of confinement claim applying Eighth Amendment standards);

<u>Calhoun v. DeTella</u>, 319 F.3d 936, 941 (7th Cir. 2003) (Eighth Amendment claim).

Plaintiff has not alleged nominal damages in his complaint, nor does he seek

"other relief."  Doc. 19, p. 8-B; doc. 19, p. 11.  *See*, <u>Boxer X v. Donald</u>, 169 Fed.Appx.

555, 558-559 (11th Cir. 2006) (finding in *dicta* that nominal damages are available for a

First Amendment claim despite the lack of "physical injury," and finding nominal

damages available because the prisoner requested compensatory damages and "any

other relief the court deem[s] appropriate").[10]   Nonetheless, this is a *pro se* complaint

and it must be liberally construed.[11]   Plaintiff seeks compensatory and punitive damages

in his complaint, and nominal damages are consistent with those damages.  Plaintiff

would be permitted to amend to seek nominal damages, given his *pro se* status, and it

is not too late to permit such an amendment.[12]   Therefore,  as other circuits under these

circumstances have done, this court should construe the complaint as seeking nominal

damages.  Allah v. Al-Hafeez, 226 F.3d at 251; Oliver v. Keller, 289 F.3d at 630;

Calhoun v. DeTella, 319 F.3d at 943.

Plaintiff seeks punitive damages.  The four circuits cited above have held that §

1997e(e) does not bar a claim for punitive damages.  Allah v. Al-Hafeez, 226 F.3d 247,

251-252 (3d Cir. 2000) (First Amendment claim); Searles v. Van Bebber, 251 F.3d 869,

879-881 (10th Cir. 2001) (First Amendment claim), *cert. denied*, 536 U.S. 904 (2002);

Oliver v. Keller, 289 F.3d 623, 629 (9th Cir. 2002) (pre-trial detainee due process

conditions of confinement claim applying Eighth Amendment standards); Calhoun v.

DeTella, 319 F.3d 936, 941 (7th Cir. 2003) (Eighth Amendment claim).  To the contrary

is Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998), finding punitive

---

[10] Unpublished opinions like this one, available on the internet, may be cited as "persuasive authority."  ELEVENTH CIRCUIT RULE 36-2.

[11] Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986); Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

[12] FED. R. CIV. P. 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires."

damages to be precluded without "physical injury," but that ruling seems to be limited to a situation where the punitive damages were entirely premised upon emotional damages.

Other circuits find that this circuit has ruled that punitive damages cannot be recovered where there is no "physical injury" as required by § 1997e(e).  *E.g.*, Calhoun v. DeTella, 319 F.3d at 942, citing Harris v. Garner, 190 F.3d at 1286-1287.  While that is the result in Harris v. Garner, that is also the way the case came up from the district court and there does not appear to have been any argument before the court as to the propriety of allowing a claim for punitive damages to go forward despite a lack of "physical injury."  Another panel of the Eleventh Circuit, however, finds the question to still be undecided.  Boxer X v. Donald, 169 Fed.Appx. at 558, n. 1.

There are a number of reasons that punitive damages should be allowed in this case.  First, punitive damages are not compensatory at all.  "Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor. . . ." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 295, 122 S.Ct. 754, 765, 151 L.Ed.2d 755 (2002), *quoting*, Newport v. Fact Concerts, Inc., 453 U.S. 247, 266-270, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).  There is a distinction between "actual damages," which are "roughly synonymous with compensatory damages" and are "compensation for . . . actual and real loss or injury" "as opposed to" nominal and punitive damages.  McMillian v. Federal Deposit Insurance Corp., 81 F.3d 1041, 1055 (11th Cir. 1996).

Thus, in Davis v. Locke, 936 F.2d 1208 (11th Cir. 1991), a case that preceded the enactment of § 1997e(e), the prisoner claimed an Eighth Amendment violation

because he was dropped on his head while his hands were cuffed behind his back (a claim remarkably similar to the claim in the case at bar).  The jury had declined to award compensatory damages for physical or psychological injuries, but awarded a small amount of punitive damages.  936 F.2d at 1214.  The court affirmed, finding that "[i]n this circuit, 'punitive damages may be awarded in a § 1983 action even without actual loss. . . .' " *Id.*, *quoting*, Wilson v. Taylor, 658 F.2d 1021, 1033 (5th Cir. Unit B Oct. 1981) (other citation omitted).

For these reasons, Plaintiff has not shown a compensable physical injury, and he cannot be compensated for emotional or mental damages.  Plaintiff has only a claim for nominal and punitive damages.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Defendants' motion for summary judgment, doc. 61, as supplemented, doc. 68, be **GRANTED in part**, and claims for damages for physical, emotional, or mental injury be **DISMISSED**.  Otherwise, the motion for summary judgment should be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2006.

s/    William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 5:04cv165-RH/WCS