# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

RAMON ARMAS BORROTO,

    Plaintiff,

v.                               CASE NO. 5:04cv165-RH/WCS

OFFICER T. McDONALD, et al.,

    Defendants.

_____/

## ORDER GRANTING SUMMARY JUDGMENT IN PART

    This matter is before the court on the magistrate judge's report and recommendation (document 70), and each side's objections thereto (documents 73 and 75, respectively). I have reviewed de novo the issues raised by the objections.

    Plaintiff, a state prisoner, asserts he was repeatedly punched and otherwise assaulted by correctional officers without provocation. He has sworn this is so, but there also is substantial evidence to the contrary. The report and recommendation concludes that whether the assault took place as plaintiff claims is a disputed issue of fact that cannot properly be resolved on summary judgment. In their objections to the report and recommendation, defendants assert, in effect, that plaintiff's own sworn testimony should be disregarded, because the contrary evidence is so strong.

But on defendant's motion for summary judgment, the question is not who has the stronger case on the evidence, but simply whether there is evidence that a jury could choose to credit and that, if believed, would entitle plaintiff to prevail. The report and recommendation has it right.

The report and recommendation also addresses the Prison Litigation Reform Act's limitation on claims for mental or emotional injury:

> No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. §1997e(e). Under the law of the circuit, "physical injury" as used in this statute means physical injury that is more than *de minimis*, though it need not be significant. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *op. reinstated in part on rehearing*, 216 F.3d 970 (2000). The report and recommendation correctly concludes that plaintiff has not shown "physical injury" as so defined.

As the report and recommendation also correctly concludes, the absence of "physical injury" does not mean plaintiff cannot establish an Eighth Amendment violation. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). By its plain terms, §1997e(e) bars relief for "mental or

emotional injury" but does not otherwise limit the relief available to prisoners for Eighth Amendment violations.

In sum, there is evidence in this record that casts considerable doubt on plaintiff's claim that he was assaulted, but the issue cannot be resolved on summary judgment.  Plaintiff suffered no "physical injury" within the meaning of §1997e(e) and thus can pursue no relief for mental or emotional injury. Plaintiff can, however, pursue any other appropriate relief, including nominal or punitive damages.  Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the opinion of the court, as further explained in this order.  Defendants' motion for summary judgment as supplemented (document 68) is GRANTED IN PART.  Plaintiff's claims for relief based on emotional or mental injury are DISMISSED with prejudice.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).  In all other respects, the motion for summary judgment is DENIED.  This matter is remanded to the magistrate judge for further proceedings.

SO ORDERED this 26th day of September, 2006.

                                          s/Robert L. Hinkle
                                          Chief United States District Judge